IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICKY LOTT, GERALD SUMNER, SANDY BECKER, and MIKE BALDWIN, individually and on behalf of all others similarly situated,** ) ) ) ) ) ) **Plaintiffs,** ) vs. ) ) **PFIZER, INC.,** ) ) **Defendant.** ) | Case No: 05-cv-230-MJR |

## MOTION TO REMAND[1]

COME NOW Plaintiffs, by and through their undersigned counsel, and for their motion to remand state as follows:

1. Pfizer removed this action alleging that the recent amendments to 28 U.S.C. § 1332 apply this case despite the undisputed fact that the Complaint in this Action was filed *before* its enactment. These amendments, by their own terms, apply only to "to any civil action commenced on or after the date of enactment of this Act." *See* The Class Action Fairness Act ("Act"), Pub. L. No.109-2 § 9. (2005). Pfizer argues, however, that the date this Action was "commenced" should be construed to mean the date the case is removed to federal court rather than the date Plaintiffs actually commenced this Action through the filing of the Complaint.

2. As a threshold matter, this Court has already rejected this argument in its April 7, 2005 Order. "The Court rejects Pfizer's argument based on the provisions of the Class Action Fairness Act. Those provisions apply only to civil actions commenced on or after the date the

---

[1] Plaintiffs counsel acknowledges that that the Court's April 7, 2005 Order requires Plaintiffs to file a separate brief captioned "Jurisdictional Memorandum" *See* 4/7/05 Order at 5. However, Plaintiffs file this Motion consistent with the Court's instruction in footnote 1 of the Order regarding remand motions under 28 U.S.C. 1447(c). *Id.* at 5 n.1.

Act was enacted.  Plainffs commenced this civil action by filing their complaint in Madison County Circuit Court on February 17, 2005.  The Class Action Fairness Act was not "enacted" until the following day – February 18, 2005."

        3.      Pfizer's argument is contradicted by the plain meaning of the term "commenced." *See* The American Heritage Dictionary of the English Language (4th ed. 2004) ("Commence (kə-měns') *v.tr.* To begin; start."); Black's Law Dictionary (6th ed. 1998)(" Commence - To initiate by performing the first act or step.  To begin, institute or start.  *Civil Action* in most jurisdictions is commenced by filing a complaint with the court.  Fed.R.Civil P. 3.").   Pfizer's argument is also contradicted by the Federal Rules (*see* Fed. R. Civ. P. 3 "A civil action is commenced by filing a complaint with the court.") and the legislative history of the Act.  151 Cong. Rec. H741 (Feb. 17, 2005) (remarks of Rep. Udall) ("Unlike earlier versions, S. 5 would not have a retroactive effect, so it would not affect pending cases.").  *See also*, 151 Cong. Rec. H753 (Feb. 17, 2005) (remarks of Rep. Goodlatte); 151 Cong. Rec. S1080 (Feb. 8, 2005) (remarks of Sen. Dodd); 151 Cong. Rec. S1087 (Feb. 8, 2005) (remarks of Sen. Kennedy).  And by relevant case law.  *See Smith v. Pfizer, Inc.*, Case No. 05-cv-0112-MJR, (S.D.Ill. 2005); *Pritchett v. Office Depot Inc.*, ___ F.Supp.2d ___, 2005 WL 563979 (D.Colo. 2005); *See also*, *Liautaud v. Liautaud*, 221 F.3d 981, 984 n.1 (7th Cir. 2000)(noting that the amendments to 28 U.S.C. § 1332 raising the amount in controversy limitation from 50,000 to 75,000 do not apply retroactively).

## THIS COURT IS WITHOUT JURISDICTION

        4.      As the amendments to 28 U.S.C. §1332 do not apply to this action, it is not removable. No federal question appears on the face of Plaintiffs' complaint, nor is there federal diversity jurisdiction because the amount in controversy with respect to each plaintiff does not exceed $75,000, exclusive of interests and costs.

5.      Nonetheless, Pfizer argues that the amount in controversy is met because (1) plaintiffs seek a "common fund" in which plaintiffs have a common or undivided interest; and (2) plaintiffs pre-removal affidavit is not binding.  Both of these arguments are without merit.

## THE AMOUNT IN CONTROVERSY CANNOT BE AGGREGATED

6.      Pfizer's attempt to characterize Plaintiffs' claims as "common fund" claims is an endeavor to fit this case into the inapposite narrow exception to the non-aggregation rule for common or undivided interests.  However, "whatever the form of relief sought, each plaintiff's claim must be held separate from each other plaintiff's claim from both the plaintiff's and defendant's standpoint." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (*quoting Brand Name Drugs*, 123 F.3d at 610).  "That means … that the amount in controversy from the defendant's point of view is the amount they risk paying *him*, not the amount they might have to pay the entire class." *Id*. (emphasis in original).  Pfizer "simply cannot satisfy the amount-in-controversy requirement by framing it in terms of the aggregate amount by which [it] may have been unjustly enriched[.]"  *Id*.

7.      Plaintiffs' and class members' claims arise from their own separate purchase; they do not arise from a single title or right shared by all class members jointly.  Accordingly, the amount-in-controversy is the amount that Pfizer would have to pay separately to each named plaintiff – the amount that each Plaintiff spent on their drugs.

## PLAINTIFFS' COUNSEL'S AFFIDAVIT IS BINDING AND DISPOSITIVE

8.      The law of the Seventh Circuit is crystal clear: A plaintiff can avoid federal court jurisdiction "in a case where monetary relief is sought, simply by stipulating that he is not seeking and will neither demand nor accept any recovery in excess of $75,000 exclusive of costs and interest." *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir.2000) (*citing*

*In re Shell Oil Co.*, 970 F.2d 355 (7th Cir.1992) (per curium)) *see also*, *Brand Name Drugs*, 123 F.3d at 607 ("[P]laintiff can always stay under the minimum amount in controversy by waiving his right to more").

9. Here, prior to Pfizer's removal, Plaintiff's counsel filed an affidavit stating: "Plaintiffs stipulate that they are not seeking and will neither demand nor accept any recovery on their own behalf in excess of $75,000, exclusive of costs and interest." *Tillery Aff. attached to plaintiffs' Complaint*, Doc. 2.

10. Pfizer argues that this stipulation is not effective because Plaintiffs' counsel cannot bind Plaintiffs in a stipulation and Plaintiffs can simply amend their complaint once they return to state court. However, Pfizer's arguments fail.

11. When jurisdiction is based on diversity of citizenship, state substantive law must govern the rights and liabilities of the parties. *Northbrook Excess and Surplus Inc. Co., v. Proctor & Gamble Co.*, 924 F.2d 633 (7th Cir. 1991); *see also Israel v. Carpenter*, 120 F.3d 361 (2nd Cir. 1997) (Preclusive effect of stipulation of dismissal was controlled by state contract law); *Sims-Madison v. Inland Paperboard and Packaging, Inc.*, 379 F.3d 445 (7th Cir. 2004) (Issues regarding formation, construction and enforcement of settlement agreements are governed by state contract law.).

12. Under Illinois law an attorney has the authority to make judicial admissions on behalf of a client by stipulation even without express authority. *See Fitzpatrick v. Human Rights Commission*, 642 N.E.2d 486 (Ill.App. 1994). Thus, Counsel's affidavit is valid and binding.

**ESTOPPEL PREVENTS PFIZER FOR SUFFERING ANY PREJUDICE**

13. Additionally, despite Pfizer's assertions to the contrary, Plaintiffs will not be able to amend their pleadings in state court to assert contrary facts. A party is judicially estopped

from asserting contradictory facts in later proceedings where that party has "(1) taken two positions, (2) that are factually inconsistent, (3) in separate judicial or quasi-judicial administrative proceedings, (4) intended for the trier of fact to accept the truth of the facts alleged, and (5) have succeeded in the first proceeding and received some benefit from it." *Barack Ferrazzano Kirchbaum Perlman & Nagelberg v. Lofferdi*, 795 N.E.2d 779, 784-785 (Ill.Ct.App. 2003) (*quoting People v. Caballero*, 794 N.E.2d 251, 262 (Ill. 2002)).

14. Thus, even if *Workman* was not the law, to the extent that this Court relies on Plaintiffs' stipulation that they will not accept recovery on their own behalf in excess of $75,000 (or any other of Plaintiffs' arguments for remand) and remands, Plaintiffs will be estopped from arguing the contrary in a later proceeding.

## THE COURT SHOULD AWARD FEES AND COSTS INCIDENT TO REMAND

15. Section 1447(c) of Title 28 of the United States Code provides that an "order remanding the case may require payment of just costs and expenses." Further, Seventh Circuit case law provides that the plaintiff as the prevailing party in its remand motion is presumed to be entitled to an award of fees and costs incurred in connection with the improper removal. *Garbie*, 211 F.3d at 409.

16. Defendant's counsel removed this litigation from its proper forum without any basis in the law. This point is made exceedingly clear as light of this Court's order in *Smith v. Pfizer*. This abuse of the judicial process and utter disregard for the law of this Circuit requires that the Court award Plaintiffs their fees and costs associated with responding to Pfizer's frivolous removal.

17. Defendant's removal of this case was improper and vexatious, and only serves the purpose of avoidance, hindrance and delay of Plaintiffs' prosecution of their lawful claims

against Defendant in the court from whence the case was improperly removed.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order remanding this case to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, without further briefing or oral argument and award Plaintiffs their costs, including attorneys' fees, incurred in connection with Defendant's improper removal, which was done solely to delay this important litigation.

Respectfully submitted,

KOREIN TILLERY

s/ Aaron M. Zigler
Stephen M. Tillery     # 2834995
Aaron M. Zigler        # 6276907
Gateway One on the Mall
701 Market Street, Suite 300
Saint Louis, Missouri 63101

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RICKY LOTT, GERALD SUMNER, SANDY BECKER, and MIKE BALDWIN, individually and on behalf of all others similarly situated,** | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Plaintiffs,** | |
| vs. | Case No: 05-cv-230-MJR |
| **PFIZER, INC.,** | |
| **Defendant.** | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2005, I electronically filed Plaintiffs' Motion to Remand with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Robert H. Shultz, Jr.**

 

s/ Aaron M. Zigler
Aaron M. Zigler     # 6276907
Gateway One on the Mall
701 Market Street, Suite 300
Saint Louis, Missouri 63101
Telephone:   (314) 241-4844
Facsimile:   (314) 241-3525
azigler@koreintillery.com