IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKY LOTT, GERALD SUMNER, ) <br> SANDY BECKER, and MIKE ) <br> BALDWIN, individually and on behalf of ) <br> all others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> PFIZER, INC., ) <br> ) <br> Defendant. ) | Case No: 05-cv-230-MJR |

## JURISDICTIONAL MEMORANDUM

For this Court to exercise diversity jurisdiction, Pfizer must establish that the amount in controversy exceeds $75,000. *See Smith v. American Gen. Life & Accident Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003) ("it is [the removing party's] burden to show that [plaintiff's] complaint states a claim for more than $75,000"). To discharge that burden, Pfizer must "support . . . its jurisdictional allegations by 'competent proof.'" *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). Specifically, Pfizer must "meet its burden by a preponderance of the evidence, which means 'proof to a reasonable probability that jurisdiction exists.'" *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993)).

In class actions, diversity jurisdiction exists only if the amount in controversy for one of the named plaintiffs exceeds $75,000. *In re Brand Name Prescription Drug Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 940-41 (9th Cir. 2000) (The individual claims of absent class members are immaterial). Yet here, Pfizer has not even alleged – much less proved – that any named Plaintiff stands to recover in excess of $75,000.

Pfizer instead contends that the claims of all putative class members should be added together to determine the amount-in-controversy. However, it is fundamental that the claims of multiple plaintiffs may not be aggregated to satisfy the jurisdictional amount. *See Zahn v. International Paper Co.*, 414 U.S. 291, 301 (1973). Thus, "whatever the form of relief sought, each plaintiff's claim must be held separate from each other plaintiff's claim from both the plaintiff's and defendant's standpoint." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (*quoting Brand Name Drugs*, 123 F.3d at 610). "That means … that the amount in controversy from the defendant's point of view is the amount they risk paying *him*, not the amount they might have to pay the entire class." *Id.* (emphasis in original). Pfizer "simply cannot satisfy the amount-in-controversy requirement by framing it in terms of the aggregate amount by which [it] may have been unjustly enriched[.]" *Id.*

### I. Plaintiffs' damages can not be aggregated.

Multiple plaintiffs' claims can only be aggregated to meet the jurisdictional threshold when "'several plaintiffs unite[] to enforce *a single title or right*, in which they have a ***common and undivided interest***.'" *Snyder v. Harris*, 394 U.S. 332, 335 (1969) (emphases added). "However, having a common interest in a pool of funds is not the type of interest that permits aggregation of claims under the 'common fund' doctrine." *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418, 1430 (2nd Cir.1997). *See also, Hasek v. Chrysler Corp.*, No. 95- C-579, 1996 WL 48602, at *4 n. 5 (N.D.Ill. Feb. 5, 1996) ("[T]hat the members of [the] putative class have filed a single punitive damages claim does not mean that their rights are suddenly joint and undivided rather than individual.... [R]ather, each potential class member could advance a separate punitive damages claim in a separate lawsuit without affecting the class claim. It is thus readily apparent that [the class] ha[s] chosen to proceed with a single punitive damages claim ... for the sake of

economy and convenience, and thus fall[s] squarely within the non-aggregation rule of *Zahn*.");
*Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) ("The rights which the complaint seeks to vindicate, rather, are based on separate purchases of different products by each of the individual members. The restitution of these amounts to individual plaintiffs is not the restitution of a common fund."). Thus, in a class action where there are "separate and distinct claims by two or more plaintiffs, the determination of the amount in controversy is based upon each plaintiff's claims and not upon the aggregate." *Glover v. Johns-Manville Corp.*, 662 F.2d 225, 231 (4th Cir.1981) (*citing Zahn*, 414 U.S. at 293-96, 94 S.Ct. 505).

Pfizer's citation to *Price v. Philip Morris Inc.*, 2003 WL 22597608 (Madison Co., Ill., Cir. Ct., March 21, 2003) *appeal pending*, does not compel a different result. The court in *Price* did not, as Pfizer argues, create a fund in which plaintiffs have an undivided interest. The *Price* court simply used a procedural mechanism to distribute the class wide damages calculated by multiplying the diminution in value by the expenditures of the class members. *See id* at ¶ 97. Plaintiffs' and class members' claims arise from their own separate purchase; they do not arise from a single title or right shared by all class members jointly. Accordingly, the amount-in-controversy is the amount that Pfizer would have to pay separately to each named plaintiff. As Pfizer has not even alleged – much less proved – that any named Plaintiff stands to recover in excess of $75,000 the case must be remanded.

## II.     Plaintiffs' pre-removal affidavit defeats removal.

Moreover, even if Pfizer belatedly attempts to show that one of the named plaintiffs has damages of more than the jurisdictional amount, the amount-in-controversy requirement is still not met. The law of the Seventh Circuit is crystal clear: A plaintiff can avoid federal court "in a case where monetary relief is sought, simply by stipulating that he is not seeking and will neither demand nor accept any recovery in excess of $75,000 exclusive of costs and interest." *Workman*

3

*v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir.2000) (*citing In re Shell Oil Co.*, 970 F.2d 355 (7th Cir.1992) (per curium)) *see also*, *Brand Name Drugs*, 123 F.3d at 607 ("[P]laintiff can always stay under the minimum amount in controversy by waiving his right to more");

Here, prior to removal, Plaintiffs' counsel filed an affidavit stating: "This action seeks only monetary relief and Plaintiffs stipulate that they are not seeking and will neither demand nor accept any recovery on their own behalf in excess of $75,000, exclusive of costs and interest." *Tillery Aff. at ¶ 4.*, Doc. 2, p.12. Pfizer argues that this stipulation is not effective because counsel's affidavit cannot bind Plaintiffs. However, Pfizer's argument fails.

In order to determine whether Counsel's stipulation is binding this Court must look to state law. *Northbrook Excess and Surplus Inc. Co., v. Proctor & Gamble Co.*, 924 F.2d 633 (7th Cir. 1991)("When jurisdiction is based on diversity of citizenship, state substantive law must govern the rights and liabilities of the parties."); *see also Israel v. Carpenter*, 120 F.3d 361 (2nd Cir. 1997) (Preclusive effect of stipulation of dismissal was controlled by state contract law); *Sims-Madison v. Inland Paperboard and Packaging, Inc.*, 379 F.3d 445 (7th Cir. 2004) (Issues regarding formation, construction and enforcement of settlement agreements are governed by state contract law.).

The Circuit courts considering whether a jurisdictional stipulation is binding have applied state law in making this determination. *See, e.g., De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1415 (5th Cir. 1995) (assessing whether the affidavit attached to the plaintiffs' complaint was binding on the plaintiffs under Texas state law: "Plaintiffs plainly have failed to meet the requirements of Texas law to limit the damages recoverable to the estates in this case.").[1] This is the logical inquiry because if an affidavit is valid under the applicable state law limiting the plaintiffs to a

---

[1] The affidavit in *De Aguilar* was insufficient to limit the recovery because the plaintiffs, suing as heirs, were not the sole heirs and thus had no authority under Texas law to limit the recovery of all of the potential plaintiffs. *De Aguilar*, 47 F.3d at 1415.

4

recovery under the jurisdictional threshold, the amount in controversy can not be met. *See also, BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002) (***If Illinois, like some states, had a rule*** limiting the plaintiff's recovery to the amount asked for in the complaint, that would have the same effect as a stipulation[.])(*citing De Aguilar* )(emphases added)[2]

The cases cited by Pfizer and this Court in *Smith v. Pfizer* are inapposite. In *Asbury-Castro v. GlaxoSmithKline, Inc.*, 352 F. Supp. 2d 729, 733 (N.D. W. Va. 2005), the court rested its decision on language from two other West Virginia district court opinions that did not address the issue at all. *Virden v. Altria Group, Inc.*, 304 F. Supp. 2d 832, 847 (N.D. W. Va. 2004) (plaintiff did not file any affidavit or stipulation); *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485-86 (S.D. W. Va. 2001) (same). Indeed, a different West Virginia district court recognized that the relevant inquiry is the effect of the affidavit ***under state law***. *See Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D. W. Va. 1999) ("Additionally, because ***under West Virginia law*** Plaintiffs' recovery is theoretically unlimited, only a binding stipulation that they would not seek nor accept more than $75,000 could limit the potential recovery. Some authority additionally suggests ***such a waiver must be truly binding on the plaintiff in state court*** before it will prevent removal.") (emphases added). The other case cited by Pfizer does not even address the issue of whether an attorney can make a binding affidavit on behalf of his client. *See Pinkerman v. Bayer Corp. (In re Baycol Prods. Litig.)*, No. 02-876, slip op. at 4 (D. Minn. Oct. 9, 2003) (Defendant's Exhibit B). It is axiomatic that a case is not authority for a point of law not considered. *See, e.g., In re Stegall*, 865 F.2d 140, 142 (7th Cir. 1989). Thus, this Court must

---

[2] *See also* 14C CHARLES A WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D § 3725 (1998) ("There is some authority suggesting, however, that a ***plaintiff's waiver must be truly binding on the plaintiff in state court*** before it will prevent removal; this can be done through either a binding stipulation in writing on the record or a state law or procedural rule that limits the plaintiff's recovery to the amount claimed in the complaint, particularly following conduct constituting a waiver.") (emphasis added).

determine whether the Plaintiffs have successfully limited their potential recovery in the *Illinois state court action*.  In order to do so, the Court must assess whether *Illinois law* binds Plaintiffs to the attorney affidavit filed by the Plaintiffs.

Under Illinois law an attorney has the authority to make judicial admissions on behalf of a client by stipulation even without express authority.  *See Fitzpatrick v. Human Rights Commission*, 642 N.E.2d 486 (Ill.App. 1994); *Illinois state Toll Highway Authority v. Heritage Standard Bank & Trust Co.*, 552 N.E.2d 1151 (Ill.App. 1990)(Stipulation by attorney binding on client); *In re Marriage of Brand*, 463 N.E.2d 1037 (Ill.App. 1984)(Stipulation signed by attorney binding on client); *Kazubowski v. Kazubowski*, 235 N.E.2d 664 (Ill.App. 1968) (same).  Thus, Counsel's affidavit is valid and binding.

This rule is further supported by the doctrine of judicial estoppel.  A party is judicially estopped from asserting contradictory facts in later proceedings where that party has "(1) taken two positions, (2) that are factually inconsistent, (3) in separate judicial or quasi-judicial administrative proceedings, (4) intended for the trier of fact to accept the truth of the facts alleged, and (5) have succeeded in the first proceeding and received some benefit from it." *Barack Ferrazzano Kirchbaum Perlman & Nagelberg v. Lofferdi*, 795 N.E.2d 779, 784-785 (Ill.Ct.App. 2003) (*quoting People v. Caballero*, 794 N.E.2d 251, 262 (Ill. 2002)).  Thus, even if Counsel's affidavit were not technically binding, to the extent that this Court relies on counsel's stipulation that Plaintiffs will not accept recovery in excess of $75,000 per plaintiff (or any other of Plaintiffs' arguments for remand) and remands, Plaintiffs will be estopped from arguing the contrary in a later proceeding.

## CONCLUSION

For the reasons set forth herein the Court must remand this action to the Madison County

6

Circuit Court.

        Respectfully submitted,

        KOREIN TILLERY

        s/ Aaron M. Zigler
        Stephen M. Tillery    # 2834995
        Aaron M. Zigler     # 6276907
        Gateway One on the Mall
        701 Market Street, Suite 300
        Saint Louis, Missouri 63101

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| **RICKY LOTT, GERALD SUMNER, SANDY BECKER, and MIKE BALDWIN, individually and on behalf of all others similarly situated,** | ) ) ) ) ) ) | **Case No: 05-cv-230-MJR** |
| **Plaintiffs,** | ) ) |  |
| vs. | ) ) |  |
| **PFIZER, INC.,** | ) ) |  |
| **Defendant.** | ) |  |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2005, I electronically filed Plaintiffs' Jurisdictional Memorandum with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- Robert H. Shultz, Jr.

s/ Aaron M. Zigler
Aaron M. Zigler    # 6276907
Gateway One on the Mall
701 Market Street, Suite 300
Saint Louis, Missouri 63101
Telephone:    (314) 241-4844
Facsimile:    (314) 241-3525
azigler@koreintillery.com

8