IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICKY LOTT, GERALD SUMNER, SANDY BECKER & MIKE BALDWIN,** individually and on behalf of all other similarly situated individuals, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 05-cv-0230-MJR |
| **PFIZER, INC.,** | ) ) ) |
| Defendant. | ) |

**MEMORANDUM and ORDER**

**REAGAN, District Judge**:

In February 2005, four Illinois citizens who live in this Judicial District filed a putative class action suit in the Circuit Court of Madison County, Illinois against Pfizer, Inc. They alleged that Pfizer, a citizen of Delaware and New York, actively concealed information regarding the dangerous side effects of two medications – Celebrex and Bextra.[1]

Specifically, Plaintiffs alleged that Pfizer misrepresented and concealed the health hazards of the medications, so they could charge a higher price for Celebrex and Bextra than the drugs' true fair market value. Complaint, Doc. 2, p. 8. Plaintiffs claimed that Pfizer thereby violated the Illinois Consumer Fraud and Deceptive Business Practices Act, **815 ILCS § 505/1,** *et seq.*, and similar consumer protection statutes in other states.

Pfizer timely removed the action to this Court, invoking subject matter jurisdiction under **28 U.S.C. § 1332.** Pfizer maintained that diversity jurisdiction lies both under § 1332 *and*

---

[1] Celebrex and Bextra are the brand names of two non-steroidal anti-inflammatory drugs manufactured by Pfizer and used to treat musculoskeletal problems.

under recently-enacted amendments to § 1332, resulting from passage of the Class Action Fairness Act of 2005, **Pub. L. 109-2, Feb. 18, 2005, 119 Stat. 14.**

On threshold review, this Court examined Pfizer's jurisdictional arguments. By detailed written Order entered April 7, 2005, the Court rejected Pfizer's assertions based on the Class Action Fairness Act and then assessed whether jurisdiction otherwise lay under **28 U.S.C. § 1332**. The Court found diversity to be complete but questioned whether Pfizer had demonstrated that the amount in controversy exceeds $75,000, excluding interest and costs. The Court solicited briefs on the amount in controversy.

Having received and reviewed those briefs (as well as Plaintiffs' remand motion and Pfizer's opposing memorandum), the Court now decides whether the amount in controversy suffices under **28 U.S.C. § 1332**.

The amount in controversy must be determined by evaluating the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed. ***Uhl v. Thoroughbred Technology and Telecommunications, Inc.*, 309 F.3d 978, 983 (7th Cir. 2002),** *citing* **Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993).**

For a defendant to successfully remove a <u>class action</u> based on diversity, one of the named plaintiffs must have a claim that surpasses the $75,000 jurisdictional bar. ***In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 607 (7th Cir. 1997),** *cert. denied*, **522 U.S. 1153 (1998); *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 409 (7th Cir. 2000).** If one named plaintiff meets the jurisdictional minimum, the other named plaintiffs and class members can "piggyback" on that plaintiff's claim, via supplemental jurisdiction under **28 U.S.C. § 1367**. ***Brand***

*Name*, **123 F.3d at 607.**

Here, Plaintiffs seek to recover damages "in an amount equal to the difference between the price charged for the drugs and the fair market value which the drugs would have had" but for Pfizer's misrepresentations and omissions (Doc. 2, p. 10). In the prayer for relief contained in their state court complaint, Plaintiffs request (*id.*, p. 11):

> that the acts and practices of the Defendant be adjudged in violation of the New Jersey Consumer Fraud Act, and that the Court award them compensatory damages, treble damages, attorneys' fees, their costs of suit, and pre- and post-judgment interest.

The parties submitted thorough briefs, and the Court will not repeat all their arguments here. One of Pfizer's central contentions is that the amount in controversy suffices, because Plaintiffs seek a "common fund" on behalf of all class members that exceeds $75,000, exclusive of interest and costs. The Court disagrees.

It is true that when two or more plaintiffs "unite to enforce a single title or right in which they have a common and undivided interest," the amount in controversy is the *aggregate* – in which they each have an undivided share. **Brand Name, 123 F.3d at 608. See also Griffith v. Sealtite Corp., 903 F.2d 495, 496 (7th Cir. 1990); Zahn v. International Paper Co., 414 U.S. 291 (1973); Snyder v. Harris, 394 U.S. 332 (1969).** The classic example of multiple plaintiffs uniting to enforce a single right is a suit by the heirs of an intestate estate against the estate's administrator.

By contrast, here each Plaintiff's claim arises from his or her own *individual* purchase of Pfizer medication. Plaintiffs have separate and distinct claims (albeit with common legal and factual issues). Those claims do not arise from, and are not grounded in, a single title, right, or interest shared by all Plaintiffs/class members jointly. For this reason, Plaintiffs' damages may not be aggregated to reach the jurisdictional mark.

Thus, the Court turns to the question of whether one of the named Plaintiffs herein alone has a claim that clears the $75,000 jurisdictional hurdle. Initially bearing note is the fact that Plaintiffs request no injunctive relief (*see* Complaint, p. 2, ¶ 9: "Plaintiffs seek only monetary relief."). Therefore, the Court does not apply the "either viewpoint rule" to examine the "cost the defendant will incur in complying with the injunction the plaintiff seeks." ***Uhl***, **309 F.3d at 978.**

Pfizer points out that the named Plaintiffs seek to recover damages and "attorneys' fees for Pfizer's alleged violations of consumer protection statutes throughout the country" (Doc. 13, p. 4). Pfizer cites a Fifth Circuit case relying on attorneys' fees to satisfy the amount in controversy (*id.*). Seventh Circuit law clearly holds that, although attorneys' fees may be included in the amount in controversy if the prevailing party is entitled to recover them as "damages," that rule applies only to fees incurred *prior* to removal.

Stated another way, only those attorneys' fees already incurred at the moment of removal may be considered in calculating the amount in controversy. ***See Hart v. Schering-Plough*, 253 F.3d 272, 274 (7th Cir. 2001); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998).**

As the Seventh Circuit explained in ***Smith v. American General Life and Acc. Ins. Co., Inc.*, 337 F.3d 888, 896-97 (7th Cir. 2003):**

> This case is controlled by *Gardynski-Leschuck v. Ford Motor Co.*, which held that post-filing attorney's fees cannot count toward the amount in controversy requirement because federal jurisdiction exists, if at all, at the time of filing.... [W]e see no reason to allow a plaintiff bringing state law claims into federal court on the basis of actual damages that total a mere $2,534.56 simply because she has run up a large bill with her lawyer to recover that sum. To do so would be to defy Congress's intent to limit federal diversity jurisdiction to cases in which the amount in controversy exceeds $75,000.

4

Nothing in the record before this Court indicates that Plaintiffs' attorneys' fees suffice to meet the jurisdictional mark. Pfizer's argument as to the amount of Plaintiffs' damages fares no better.

Emphasizing that the complaint mentions not only the Illinois Consumer Fraud Act but also consumer fraud statutes of other states, Pfizer suggests that the damages recoverable by class members in those states could be well over $75,000. Pfizer cites Maryland and North Carolina cases involving disgorgement of all profits by the corporate defendant (totaling "millions of dollars" and easily satisfying the amount-in-controversy requirement). But the instant case includes no request for disgorgement of profits. More importantly, this Court's jurisdictional inquiry focuses only on the <u>named</u> Plaintiffs, each of whom is an Illinois citizen.

The named Plaintiffs have asked for damages "in an amount equal to the difference between the price charged for the drugs and the fair market value which the drugs would have had" but for Pfizer's misrepresentations and omissions (Complaint, p. 10). Considering the relief requested in the complaint, the relief recoverable under the Illinois Consumer Fraud Act, and the rule against aggregation, the Court cannot conceive how the damages for any one of the named Plaintiffs here could exceed $75,000. As the Seventh Circuit remarked in **Brand Name, 123 F.3d at 607:** "you would have to buy an awful lot of expensive drugs to run up a bill the overcharge portion of which alone was more than [the amount in controversy]."

Stated simply, the record before this Court does not indicate (and Pfizer has not demonstrated) that amount in controversy exceeds $75,000, exclusive of interest and costs.[2]

---

[2] The Court need not reach the question of whether the stipulation (submitted via affidavit of counsel, not signed by the named Plaintiffs themselves, and professing that none of the Plaintiffs will accept any recovery over $75,000) alone blocked removal.

Jurisdiction does not lie under the federal diversity statute, **28 U.S.C. § 1332**.

Because it lacks subject matter jurisdiction, the Court **GRANTS** Plaintiffs' remand motion (Doc. 6) and **REMANDS** this case to the Circuit Court of Madison County, Illinois.

Plaintiffs request their "costs, including attorneys' fees, incurred in connection with Defendant's improper removal" (Doc. 6, p. 6). The Court **GRANTS** that request and **ORDERS** Defendant Pfizer to pay Plaintiffs their "costs and actual expenses, including attorney fees, incurred as a result of the removal," under **28 U.S.C. § 1447(c)**.

An award of costs upon remand should not be interpreted as a sanction. The Seventh Circuit has emphasized that § 1447(c) is a fee-shifting statute, "entitling the district court to make whole the victorious party," ***Garbie,*** **211 F.3d at 410**, and courts should award costs and expenses under § 1447(c) as "normal incidents of remand for lack of jurisdiction." ***Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923, 927 (7th Cir. 2000),** *cert. denied,* **532 U.S. 994 (2001).**

Accordingly, by **June 17, 2005,** Plaintiffs' counsel should furnish to Pfizer's counsel a statement reflecting the costs and actual expenses *incurred as a result of removal.* Pfizer has until **July 1, 2005** to pay those costs and expenses.

The Court has the inherent power to enforce its Order awarding costs. If any disputes arise regarding the amount and payment of these costs, they will be **REFERRED** to the United States Magistrate Judge assigned to this case – the Honorable Clifford J. Proud.

**IT IS SO ORDERED.**

**DATED this 26th day of May, 2005.**

    **s/ Michael J. Reagan**
    **MICHAEL J. REAGAN**
    **United States District Judge**