IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICKY LOTT, GERALD SUMNER,** ) <br> **SANDY BECKER, and MIKE BALDWIN,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> V. ) <br> ) <br> **PFIZER, INC.,** ) <br> ) <br> Defendant. ) | Civil No. **05-230-MJR** |

## ORDER

**PROUD, Magistrate Judge:**

By order dated May 26, 2005, U.S. District Judge Michael J. Reagan remanded this case to state court and, in accordance with 28 U.S.C. § 1447(c), awarded plaintiffs costs and actual expenses incurred as a result of the removal of this action to federal court, which was to be paid by July 1, 2005.  **(Doc. 14).**  Any disputes arising out of the award were referred to this Court.  **(Doc. 14).**  Plaintiffs now request that the award include fees and costs incurred in connection with defendant's appeal of Judge Reagan's remand order; in the alternative, plaintiffs request an extension of time.  Defendant has not filed a reply to the subject motion.

The Court notes, as a matter of public record, defendant Pfizer was denied leave to appeal.  *Pfizer v. Lott*, **417 F.3d 725 (7th Cir. 2005).**  Therefore, the propriety of the remand can no longer be questioned.

In *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410-411 (7th Cir. 2000), the Court of Appeals for the Seventh Circuit held that attorney's fees incurred defending an award under Section 1447(c) are recoverable.  Therefore, plaintiffs' motion is well taken.

1

**IT IS THEREFORE ORDERED** that plaintiffs shall have until **December 16, 2005**, to submit to defendant a revised statement of costs and expenses actually incurred as a result of removal.  Defendant shall have until **December 30, 2005**, to remit payment to plaintiffs.

**IT IS SO ORDERED.**

**DATED: December 7, 2005**

                                               **s/ Clifford J. Proud**
                                               **CLIFFORD J. PROUD**
                                               **U. S. MAGISTRATE JUDGE**