IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICKY LOTT, GERALD SUMNER,** ) | |
| **SANDY BECKER, and MIKE BALDWIN,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Civil No. **05-230-MJR** |
| ) | |
| **PFIZER, INC.,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

**PROUD, Magistrate Judge:**

In accordance with a fee award by U.S. District Judge Michael J. Reagan, on December 7, 2005, plaintiff was ordered to submit to defendant a revised statement of costs and expenses actually incurred as a result of removal, and a deadline for payment was set. **(Doc. 19).** Defendant requests that plaintiffs' $25,616.86 fee request be reduced in light of discrepancies regarding the proper total of Westlaw charges, and because the Westlaw charges are, from defendant's perspective, disproportionate to the total fee. **(Doc. 20).** Plaintiff was afforded an opportunity to respond to defendant's objections, and a time for reply was allotted to defendant. **(Doc. 22).** Plaintiff filed a response **(Doc. 25)**, and defendant filed a reply **(Doc. 26)**. Eleven days after filing its reply, defendant elected to file an appeal, which stayed the dispute over fees, but which has now been dismissed by the appellate court as premature. Therefore, the fee issue would appear ripe for final resolution.

Appearances can be deceiving. Just as defendant found discrepancies between plaintiff's actual Westlaw charges and the total of the Westlaw bill, the Court finds discrepancies between

the issues raised by defendant and plaintiff's response.  Aside from noting that plaintiffs submitted raw billing data when defendant questioned the total of plaintiff's Westlaw bill, plaintiff has not specifically addressed the erroneous and/or questionable charges cited by defendant.  In light of plaintiff's failure to address the disputed charges, defendant would have the Court recalculate the fee due by simply omitting the questioned charges, and then adjusting the proportion of Westlaw charges to defendant's liking.  However, some wheat could very well be thrown out with that chaff, so plaintiff will be given one last opportunity to address the issues defendant has raised regarding the Westlaw charges.  The Court expects plaintiff's math to properly compute.  Defendant will be allotted time to respond to whatever plaintiff files.

The Court considers the issue of proportionality to be fully briefed by the parties, so no further legal argument on that point should be made.  Similarly, no further argument relating to the applicability of *Martin v. Franklin Corp.*, __U.S.__, 126 S.Ct. 704 (Dec. 7, 2005), is needed in order for *this* Court to determine the fee total.  If the parties feel the need to debate *Martin* further, they should reserve those arguments for Judge Reagan and the appellate court.

**IT IS THEREFORE ORDERED** that on or before **March 24, 2006**, plaintiff shall file a response to the specific Westlaw billing discrepancies and/or errors raised by defendant in its motion **(Doc. 20)**; and on or before **April 3, 2006**, defendant shall file any reply it deems necessary.  No further extensions or second chances will be permitted.

**IT IS SO ORDERED.**

**DATED: March 15, 2006**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**