IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICKY LOTT, GERALD SUMNER,** ) | |
| **SANDY BECKER, and MIKE BALDWIN,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Civil No. **05-230-MJR** |
| ) | |
| **PFIZER, INC.,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

**PROUD, Magistrate Judge:**

U.S. District Judge Michael J. Reagan remanded the above-captioned proposed class action to State court, and awarded plaintiffs their costs and expenses incurred as a result of removal, in accordance with 28 U.S.C. § 1447(c). **(Doc. 14).** Before the amount of the award was finalized, defendant elected to file an ultimately unsuccessful appeal regarding the propriety of the remand. (***Pfizer v. Lott*, 417 F.3d 725 (7th Cir. 2005)).** In *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410-411 (7th Cir. 2000), the Court of Appeals for the Seventh Circuit held that attorney's fees incurred defending an award under Section 1447(c) are recoverable; therefore, once the appeal was decided, plaintiff was directed to file a revised submitted bill of costs and expenses. **(Doc. 19).** Before the amount of the award was finalized, defendant filed another appeal, challenging the propriety of a Section 1447(c) award, but that appeal was swiftly dismissed as premature. (***Lott v. Pfizer*, No. 06-1435, Doc. 9 (7th Cir. March 10, 2006)).** Therefore, the Court may now return to the dispute between the parties regarding the amount of the award, which has been further briefed by the parties.

As a preliminary matter, it must be noted that no additional fees or costs were added as a result of the second appeal.

Defendant requests that plaintiffs' current $25,616.86 fee request be reduced in light of discrepancies regarding the proper total of Westlaw charges, and because the Westlaw charges are, from defendant's perspective, disproportionate to the total fee. **(Docs. 20, 26 and 34).** Defendant does not dispute the $14,564.00 attributed to attorney's fees. However, defendant would first reduce the $11,052.86 in Westlaw fees by $1,952.03, the amount incurred after briefing closed in the initial appeal. Second, citing three Northern District of Illinois cases, defendant argues that the adjusted Westlaw fee total should be reduced by 75%, which would make it 14% of the total reduced fee request. **(Doc. 34).** Plaintiff generally responds that the attorney's fees and research costs are reasonable, legitimate and properly documented. **(Docs. 25 and 33).**

Plaintiff attributes the disputed Westlaw charges to a need to "stay abreast of the rapidly developing case law interpreting the Class Action Fairness Act" at issue in the first appeal, and after the appellate Court's August 4, 2005, decision in anticipation of further appeals. **(Doc. 33, pp. 2-3).** Plaintiff's counsel utilized Westlaw's KeyCite Alert mechanism daily, through the appellate briefing period, the date of decision, and up until August 10, 2005, racking up a total of $11,052.86 in research costs. Defendant takes particular issue with the $1,952.03 in Westlaw costs accumulated after plaintiffs' appellate brief was filed, from July 19, 2005, during which no time is billed for attorney's fees. Although the Court appreciates plaintiffs' counsel's diligence in ensuring that he is abreast of the relevant law, the amount of costs incurred after plaintiffs' brief were unreasonable. At a minimum, the KeyCite check could have been run far less

frequently. The amount of money expended only benefitted Westlaw. Therefore, $1,952.03 will be deducted from the $11,052.86 in Westlaw costs submitted by plaintiffs, making the newly revised research total $9,100.83.

The Court otherwise finds plaintiff's Westlaw fees to be reasonable and properly documented. Although the research costs are almost as high as the amount for attorney's fees, the Class Action Fairness Act at issue in the first appeal was new at that time; therefore, computerized searches for related cases nationwide may very well have been required. Each party had a lot at stake, even though the issue seems relatively simplistic in retrospect.

Insofar as defendant would have the Court follow the lead of the Northern District of Illinois and aim for proportionality between electronic research costs and attorney's fees, the cases cited by the defendant are not controlling precedents. Furthermore, defendant offers no persuasive argument for adhering to a set ratio. This Court is guided by the reasonableness standard favored by the Court of Appeals for the Seventh Circuit and United States Supreme Court. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550, 552 (7th Cir. 1999); *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 518 (7th Cir. 1993).

**IT IS THEREFORE ORDERED** that on or before **May 8, 2006**, in accordance with 28 U.S.C. § 1447(c), defendant Pfizer, Inc., shall pay the plaintiffs a total of **$23,664.83** in costs and expenses incurred as a result of removal and the related appeal.

**IT IS SO ORDERED.**

DATED: April 5, 2006

s/ Clifford J. Proud
CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE