IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICKY LOTT, GERALD SUMNER,** ) <br> **SANDY BECKER & MIKE BALDWIN,** ) <br> **individually and on behalf of all other** ) <br> **similarly situated individuals,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> vs. ) <br> ) <br> **PFIZER, INC.,** ) <br> ) <br> **Defendant.** ) | Case No. 05-cv-0230-MJR |

**MEMORANDUM and ORDER**

**REAGAN, District Judge**:

In early 2005, four Illinois citizens filed a putative class action suit in the Circuit Court of Madison County, Illinois against Pfizer. They alleged that Pfizer actively concealed information regarding the health hazards of two medications – Celebrex and Bextra – so that Pfizer could charge a higher price than the drugs' true market value. Plaintiffs claimed that these actions violated the Illinois Consumer Fraud and Deceptive Business Practices Act, **815 ILCS § 505/1,** *et seq.*, and similar consumer protection statutes in other states.

Plaintiffs sought to recover damages representing the difference between the price charged for the drugs and the fair market value the drugs would have had *but for* Pfizer's misrepresentations and omissions. In addition to these compensatory damages, Plaintiffs requested statutory treble damages, fees, costs, and interest. They did not seek any injunctive relief.

Pfizer removed the action to this Court in April 2005, invoking subject matter jurisdiction under the federal diversity statute (**28 U.S.C. § 1332**) and the 2005 amendments to that statute, found in the Class Action Fairness Act (**Pub. L. No. 109-2, 119 Stat. 4,** "CAFA").

On threshold review in April 2005, the Court rejected the CAFA-based jurisdictional argument but solicited briefs on the amount in controversy, to determine whether jurisdiction otherwise lay under § 1332. In May 2005, this Court answered that question in the negative, concluding:

> Considering the relief requested in the complaint, the relief recoverable under the Illinois Consumer Fraud Act, and the rule against aggregation, the Court cannot conceive how the damages for any one of the named Plaintiffs here could exceed $75,000. As the Seventh Circuit remarked in **Brand Name**, **123 F.3d at 607:** "you would have to buy an awful lot of expensive drugs to run up a bill the overcharge portion of which alone was more than [the amount in controversy]."
>
> Stated simply, the record before this Court does not indicate (and Pfizer has not demonstrated) that amount in controversy exceeds $75,000, exclusive of interest and costs. Jurisdiction does not lie under the federal diversity statute, **28 U.S.C. § 1332**.

The May 2005 Order granted Plaintiffs' remand motion and ordered Pfizer to pay Plaintiffs' costs and actual expenses of removal, pursuant to **28 U.S.C. § 1447(c)** and Seventh Circuit law instructing district courts to award costs and expenses under § 1447(c) as "normal incidents of remand for lack of jurisdiction." *Citizens for a Better Environment v. Steel Co.*, **230 F.3d 923, 927 (7th Cir. 2000)**, *cert. denied,* **532 U.S. 994 (2001).** The undersigned District Judge added that if any dispute arose regarding payment of those costs/expenses (due by July 1, 2005), it would be handled by the Magistrate Judge assigned to this case – the Honorable Clifford J. Proud.

Questions arose almost immediately. Pleadings were filed addressing this issue, and the July 1, 2005 deadline quickly passed. Judge Proud ordered Plaintiffs to submit a revised statement of costs/expenses by December 16, 2005 and ordered Pfizer to remit payment to Plaintiffs by December 30, 2005.

Nine days before the December 30th deadline, Pfizer moved to *vacate* the original Order awarding costs/expenses or, alternatively, to *reduce* the amount awarded. The undersigned District Judge handled the first part of the motion, and Magistrate Judge Proud handled the second.

In support of the request to vacate the May 2005 award, Pfizer relied on a December 7, 2005 United States Supreme Court case, **Martin v. Franklin Capital Corp., 125 S. Ct. 1941 (2005)**. *See* Doc. 20. The undersigned District Judge denied the motion to vacate the award on December 22, 2005, explaining that (a) the award was based on then-governing Seventh Circuit precedent, and (b) the new Supreme Court decision did not appear to be retroactive to awards imposed seven months *before* that decision was announced. *See* Doc. 21.

On December 29, 2005, Magistrate Judge Proud ordered additional briefs to be filed on the portion of Pfizer's motion which sought to reduce the award. *See* Doc. 22.

Before filing its brief as directed by Judge Proud, Pfizer filed a motion to *reconsider* the fee award on January 5, 2006. The undersigned Judge denied that motion the following day. *See* Docs. 23, 24. Pfizer next filed a reply brief on the fee reduction issue still pending before Magistrate Judge Proud. *See* Doc. 26. Ten days later, and *before* Magistrate Judge Proud had issued a ruling on the fee reduction request, Pfizer filed a *notice of appeal*

Confused as to precisely which ruling Pfizer was taking up, the Court directed Pfizer to clarify which Order was being appealed. *See* Doc. 28. Pfizer explained that it was appealing four Orders, including Judge Reagan's original award of costs/expenses (Doc. 14), Magistrate Judge Proud's Order setting a revised schedule for submission of a statement and payment of the costs/expenses (Doc. 19), Judge Reagan's denial of the motion to vacate the award (Doc. 21), and Judge Reagan's denial of the motion to reconsider the award (Doc. 24).

Ultimately, the United States Court of Appeals for the Seventh Circuit dismissed Pfizer's appeal for lack of subject matter jurisdiction. This was to be expected, as Judge Proud had not yet ruled on Pfizer's motion to *reduce* the award (*i.e.*, had not "fixed" the amount of the award), and thus the appeal was premature. *See* April 3, 2006 Mandate of Seventh Circuit, Doc. 36.

Two days after the mandate issued, Judge Proud ruled on Pfizer's motion to reduce the award of costs/expenses herein. Judge Proud reduced the award by roughly $2000 and ordered Pfizer – by May 8, 2006 – to pay $23,664.83 in costs and expenses.

Once again, Pfizer declined to pay the award. On April 17, 2006, Pfizer filed an objection to Judge Proud's Order, to which Plaintiffs responded two days later. *See* Docs. 37, 38. **LOCAL RULE 73.1(a)** of this Court authorizes a party to challenge a Magistrate Judge's Order on a nondispositive matter by filing an "appeal" within ten days of the entry of that Order. Similarly, **FEDERAL RULE OF CIVIL PROCEDURE 72(a)** permits a party to file "objections" to a Magistrate Judge's order on a nondispositive matter. ***See also* 28 U.S.C. § 636.**

Local Rule 73.1 provides that the District Judge shall "reconsider the matter" and "set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." Likewise, Federal Rule of Civil Procedure 72(a) directs the district judge to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

Pfizer argues that Judge Proud's April 2006 Order partially reducing the award is contrary to law, because Pfizer had an objectively reasonable basis for seeking removal, and thus – even under pre-*Martin* law, the award of costs/expenses was inappropriate.

The Court disagrees. Having reconsidered the matter carefully, the Court concludes that the award of costs/expenses of removal was proper.

If pre-*Martin* law governs the May 2005 remand Order (which granted Plaintiffs' request for costs as a result of the improper removal), then the Court correctly awarded those costs as a normal incident of litigation under § 1447(c).

If, on the other hand, the December 2005 *Martin* decision applies retroactively to the May 2005 remand Order,[1] then – given the damages sought in the complaint, the well-established rule against aggregating these damages, and the familiar principle that post-removal attorneys' fees are not counted toward the amount in controversy – the Court finds that Pfizer had no objectively reasonable basis for removal, and an award of costs still was warranted under § 1447(c).[2]

Pfizer places much emphasis on the fact that this Court's fee award has not become final and, therefore, prior Orders could easily be vacated based on new legal developments that are arguably favorable to Pfizer. The question is not whether the Court's fee award has been finalized. Were that the test, a party such as Pfizer could *prevent* a fee award from becoming final simply by filing a series of motions (for example, to reconsider, to vacate, and to reduce the award) followed by appeals of the rulings on each of those motions. This approach would further delay *any* court reaching the merits of the litigation and add to the mounting costs of the suit.

Nor does the fact that the undersigned Judge solicited briefs on the amount in

---

[1] This Court does not find that *Martin* applies retroactively. Rather, even assuming, *arguendo*, that *Martin* did apply retroactively, the result here would not differ. Pfizer's reliance on **Impact Gel Corp. v. Rodeen, 2005 WL 3348852 (W.D. Wis. 2005),** is unavailing, as that decision neither binds nor persuades the undersigned Judge.

[2] Also bearing note is the fact that Plaintiffs' complaint itself expressly disclaims damages over $75,000, and Plaintiffs' counsel filed a pre-removal affidavit stating: "This action seeks only monetary relief and Plaintiffs stipulate that they are not seeking and will neither demand nor accept any recovery on their own behalf in excess of $75,000, exclusive of costs and interest." *See* Doc. 2, pp. 2, and 12-13.

controversy constitute an acknowledgment that the jurisdictional issues were "complex" (Doc. 37, p. 6) or that Pfizer had an objectively reasonable basis to remove the case. This Court takes seriously its responsibility to police the boundaries of federal subject matter jurisdiction. *See, e.g., Wernsing v. Thompson*, **423 F.3d 732, 743 (7th Cir. 2005)("not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."),** *cert. denied*, **126 S. Ct. 1476 (2006).** In following that mandate, the undersigned Judge routinely requests parties to brief various jurisdictional issues on threshold review of a newly-filed or newly-removed case.

The narrow question now before this Court is whether Judge Proud's April 2006 Order was clearly erroneous or contrary to law. Judge Proud's Order was neither. Indeed, Judge Proud's Order actually gave some of the relief Pfizer requested – *reducing* the award of costs/expenses on Pfizer's motion, while complying with the undersigned Judge's May 2005 ruling. Under either the pre-*Martin* or the post-*Martin* standard, the award of actual costs/expenses of removal was appropriate, and Judge Proud's April 2005 Order fixing the amount of those costs/expenses was not clearly erroneous or contrary to law.

For all these reasons, having reconsidered Magistrate Judge Proud's April 2006 Order (which reduced the amount of costs/expenses awarded to Plaintiffs herein), the Court **REJECTS** Pfizer's objection/appeal (Doc. 37) and **AFFIRMS** Magistrate Judge Proud's Order (Doc. 35).

**IT IS SO ORDERED.**

**DATED this** 2nd day of August 2006.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge